[No. D021513. Fourth Dist., Div. One. May 19, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
WYATT SILVER, Defendant and Respondent.

1024

COUNSEL

William E. Jaynes, District Attorney, and Mary Anne Carter-Birkman, Deputy District Attorney, for Plaintiff and Appellant.

Kerry L. Steigerwalt, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

KREMER, P. J.—The People appeal the order setting aside an information charging Wyatt Silver with assault by a prisoner likely to cause great bodily injury (Pen. Code,[1] § 4501).

On May 13, 1994, the People filed a complaint in Imperial County charging Silver with assault by a prisoner likely to cause great bodily injury. When correctional officer Sergeant Mason testified at the preliminary hearing, the following colloquy occurred:

"[PROSECUTOR]: How long have you been employed as correctional officer by the California Department of corrections?

"[WITNESS]: Eight years, nine months.

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[1] All statutory references are to the Penal Code unless otherwise specified.

"[PROSECUTOR]: On that day, January 24, 1994, were you on duty at 0800 hours?

"[WITNESS]: Yes, I was.

"[PROSECUTOR]: What was your assignment at that time?

"[WITNESS]: I was facility "D" program sergeant.

"[PROSECUTOR]: And at that time what was the—what was your special duty at that time?

"[WITNESS]: I was at that time monitoring the facility "D" feeding, the morning meal.

"[PROSECUTOR]: During that morning meal did anything unusual happen among the inmates?

"[WITNESS]: Yes, there was an altercation on the yard.

"[PROSECUTOR]: And do you recall how many inmates were involved?

"[WITNESS]: Two.

"[PROSECUTOR]: What were the names of those inmates?

"[WITNESS]: One was inmate Henderson, the other one was inmate Silver.

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"[PROSECUTOR]: What happened between those two inmates?

"[WITNESS]: They were en route to the morning meal. They were in front of the culinary when inmate Silver struck Henderson on the right side of the cheek.

"[DEFENSE COUNSEL]: Your Honor, I am going to object. I don't know if this is observation of the officer who is currently testifying? If that's not the case, I don't believe he has been properly qualified.

"THE COURT: Objection on foundation?

"[DEFENSE COUNSEL]: Yes, your Honor.

"THE COURT: [Prosecutor]?

"[PROSECUTOR]: Your Honor, if I may ask another question?

"THE COURT: Well, I'll sustain the objection. Perhaps you can inquire.

"[PROSECUTOR]: Sergeant Mason, did you observe this?

"[WITNESS]: I didn't observe the actual hit, but I observed the inmate when he struck the ground.

"[PROSECUTOR]: Who observed the actual hit?

"[WITNESS]: Officer Cazares.

"[PROSECUTOR]: Did he tell you what occurred?

"[WITNESS]: Yes, he did.

"[PROSECUTOR]: You have been correctional officer at California Department of Corrections for eight years; is that correct.

"[WITNESS]: Yes."

The magistrate found Mason to be a law enforcement officer with over five years' experience and bound Silver over on the assault charge. The superior court granted Silver's motion to set aside the information (§ 995, subd. (a)(2)(B)). The People contend this was error.

Section 872, subdivision (b) provides: "Notwithstanding Section 1200 of the Evidence Code, the finding of probable cause may be based in whole or in part upon the sworn testimony of a law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted. Any law enforcement officer testifying as to hearsay statements shall either have five years of law enforcement experience or have completed a training course certified by the Commission on Peace Officer Standards and Training which includes training in the investigation and reporting of cases and testifying at preliminary hearings."

The question here is whether Mason has five years' experience as a law enforcement officer. Both parties note correctional officers are peace officers for the purpose of statewide authority to carry out their duties and authority to carry a firearm. (See § 830.5.) The question is whether they are also law enforcement officers within the meaning of section 872.

" 'In construing constitutional and statutory provisions, whether enacted by the Legislature or by initiative, the intent of the enacting body is the paramount consideration.' (*In re Lance W.* (1985) 37 Cal.3d 873, 889. . . .) 'In determining such intent "[t]he court turns first to the words themselves for the answer." [Citations.]' (*Moyer* v. *Workmens' Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230. . . .) 'In construing an initiative measure, we are bound to bestow upon its language both the ordinary meaning of its terms and a practical commonsense interpretation.' (*Russell* v. *Superior Court* (1986) 185 Cal.App.3d 810, 818. . . .) In determining the meaning of particular words employed in a statute, '[c]ourts should first look to the plain dictionary meaning of the words of the statute and their juxtaposition. [Citation.]' (*Rosenfield* v. *Superior Court* (1983) 143 Cal.App.3d 198, 202. . . .)" (*Martin* v. *Superior Court* (1991) 230 Cal.App.3d 1192, 1196 [281 Cal.Rptr. 682].)

We thus look to the purpose of section 872, subdivision (b). In considering whether an arson investigator is a law enforcement officer within the meaning of that subdivision, the reviewing court in *Martin* found the purpose of the statute is to expedite the criminal process and relieve the burden on witnesses. (*Martin* v. *Superior Court, supra,* 230 Cal.App.3d at p. 1198.)

In *Whitman* v. *Superior Court* (1991) 54 Cal.3d 1063 [2 Cal.Rptr.2d 160, 820 P.2d 262], the Supreme Court held that a police officer who merely reads reports of witnesses' statements does not qualify to testify to the hearsay at the preliminary hearing. The court ruled otherwise, however, where the officer has "sufficient knowledge of the crime or the circumstances under which the out-of-court statement was made so as to meaningfully assist the magistrate in assessing the reliability of the statement." (*Id.* at pp. 1072-1073.)

Here Sergeant Mason testified that while he was monitoring feeding an altercation broke out. Officer Cazares told him that Silver had hit Henderson. While Mason did not see the blow, he and another officer went to the scene, assisted Henderson who had been knocked unconscious, secured the area, restrained Silver, and took Henderson to the infirmary. Given Mason's experience as a law enforcement officer and his personal involvement at the

crime scene, he could meaningfully assist the magistrate in judging the reliability of the statement. The magistrate did not err in admitting Mason's hearsay testimony, and the superior court erred in granting the motion to set aside the information.

The order setting aside the information is reversed. The matter is remanded to the superior court for further proceedings.

Benke, J., and Huffman, J., concurred.